IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS GARNER and CAMMI GARNER, <br><br> Plaintiffs, <br><br> v. <br><br><br> THE CINCINNATI INSURANCE COMPANY, <br><br> Defendant. | **ORDER AND MEMORANDUM DECISION DENYING MOTION TO STAY** <br><br> Case No. 2:24-cv-00378-TC-DAO |

Before the court is Defendant The Cincinnati Insurance Company's (Cincinnati Insurance) motion to stay the case pending a decision on Cincinnati Insurance's motion for summary judgment. (ECF No. 53.) For the reasons stated below, the court denies the motion.

**FACTUAL BACKGROUND**

This insurance coverage dispute arises out of a car accident in which Plaintiff Thomas Garner was seriously injured. As a result of the accident, Mr. Garner has incurred and will continue to incur significant medical expenses. Mr. Garner and his wife Cammi Garner challenge Cincinnati Insurance's denial of coverage under the insurance policy held by Mr. Garner's employer (the Policy, ECF No. 20-1), bringing claims for breach of contract and breach of the duty of good faith and fair dealing.

The Policy contains a Utah Underinsured Motorist Insurance (UIM) provision (the UIM Endorsement), which provides supplemental coverage for insured individuals who are involved in car accidents caused by a driver with insufficient insurance coverage.

On July 24, 2024, Cincinnati Insurance moved to dismiss the Complaint for failure to state a claim on the basis that Mr. Garner was not covered under the Policy because he was driving his own car in the accident, and not a "covered auto" expressly identified in the Policy. (ECF No. 20.)  The court denied Cincinnati Insurance's motion to dismiss, finding that Mr. Garner was covered as an "insured."  (Order Denying Def.'s Mot. Dismiss dated February 11, 2025, ECF No. 32.)

Partway through discovery, Cincinnati Insurance filed a motion for summary judgment again seeking dismissal of both the Plaintiffs' claims.  (ECF No. 45.)  Cincinnati Insurance argues that Mr. Garner is not an insured under the Policy because Mr. Garner was not driving "in the course and scope of his employment" at the time of the accident.  (Id. at 7–8.)  Cincinnati Insurance also claims that Mr. Garner cannot recover for breach of the Policy because he failed to exhaust the at-fault driver's insurance, which is a condition precedent of the UIM coverage Mr. Garner seeks.  (Id. at 10–11.)  Finally, Cincinnati Insurance argues that Mr. Garner's breach of the duty of good faith and fair dealing claim must be dismissed because there is no genuine issue of fact that Cincinnati Insurance's denial of coverage was based on the advice of outside counsel and therefore made in good faith.  (Id. at 8–9.)

Fact discovery ended on April 17, 2025.  On June 3, 2025, the Plaintiffs designated five expert witnesses—including one on liability and four on damages—and served Cincinnati Insurance with five expert reports.  The Plaintiffs also disclosed one hundred and thirty-two "non-retained" experts, which include Mr. Garner's treating providers, the facilities where he

received care, and the officers who responded on scene at the crash. (ECF No. 56-1.) Expert discovery is scheduled to conclude on October 15, 2025. (ECF No. 47.)

On June 26, 2025, Cincinnati Insurance moved to stay discovery until the court issues its decision on the motion for summary judgment. (ECF No. 53.)[1] Cincinnati Insurance argues that the court has good cause to stay discovery "given the substantial costs" of expert discovery, which it argues could "be rendered unnecessary" if the court grants summary judgment. (ECF No. 53 at 3.) In support of its motion to stay, Cincinnati Insurance claims that rebutting all five of the Plaintiffs' expert reports, issuing and defending its own expert reports, and deposing all 137 of the Plaintiffs' designated and non-designated experts is an undue financial burden. Cincinnati Insurance further argues that because its motion for summary judgment is almost fully briefed, the stay would be short and therefore will not prejudice the Plaintiffs. (Id.) The Plaintiffs respond that they will be prejudiced by any additional delays and that Cincinnati Insurance has not carried its burden to show a "strong necessity" justifying a stay of discovery. (Pls' Opp'n Mot. Stay, ECF No. 56 at 2.) Separately, the Plaintiffs have requested that the court impose sanctions on Cincinnati Insurance because it has "engaged in repeated discovery abuses …[,] ignored the scheduling order, [and] delay[ed] identification of witnesses and documents for months." (ECF No. 55 at 2.)

## LEGAL STANDARD

"A blanket stay on discovery does not automatically apply in cases with potentially dispositive motions." KomBea Corp. v. Noguar, L.C., No. 2:13-cv-957-TS, 2014 WL 5339387, at *1 (D. Utah Oct. 20, 2014) (citing Osborn v. Brown, Civ. No. 2:12-cv-775, 2013 WL 1703748,

---

[1] The parties' briefing on Cincinnati Insurance's motion for summary judgment is scheduled to be completed on July 25, 2025.

at *1 (D. Utah, Apr. 19, 2013)). Instead, the decision to stay discovery is a matter left to the court's discretion. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). The court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)).

The Tenth Circuit generally disfavors the stay of discovery. See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983) ("[t]he right to proceed in court should not be denied except under the most extreme circumstances.") "Accordingly, a party seeking a stay 'must make a strong showing of necessity because the relief would severely affect the rights of others.'" Boulder Falcon, LLC v. Brown, No. 2:22-CV-00042-JNP-JCB, 2022 WL 1202698, at *2 (D. Utah Apr. 22, 2022) (citing Classic Aviation Holdings LLC v. Harrower, No. 220-cv-824-RJS-JCB, 2021 WL 633587, at *2 (D. Utah Feb. 18, 2021)). In determining whether a stay is appropriate, the court considers factors such as a party's interest in proceeding expeditiously, the potential prejudice to a party of a delay, whether a party faces extreme hardship in proceeding in the action, the convenience to the court, and the interests of non-parties and the public. See String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing FDIC v. Renda, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

## ANALYSIS

The court finds that Cincinnati Insurance has not met the standard for a "strong showing of necessity" warranting a stay of discovery. Relative to the damages sought, the cost of completing expert discovery in this case is reasonable. The Plaintiffs have retained and issued

expert opinions from just five experts.[2]  Five experts is within the normal bounds of expert discovery in a contract dispute, and, as this court has recognized, a defendant's obligation to depose and rebut a plaintiff's experts and designate its own experts is a normal part of being sued.  E.g., KomBea Corp., 2014 WL 5339387, at *2 (describing the cost of discovery as "a normal burden in litigation" that defendants must bear); Cooper v. Shelter Gen. Ins. Co., 2022 WL 1046964, at *3 (D. Colo. Apr. 7, 2022) (Denying a motion for stay because "[w]hile the court acknowledges that Defendant may realize savings in time or money should a stay be imposed and the Motion for Summary Judgment be granted, the same could be said in the majority of civil cases").

      Nor is the court persuaded to stay discovery because the summary judgment motion, if granted, could dispose of the case in its entirety.  As this court and other courts in the Tenth Circuit have recognized in denying motions to stay, the grant of a dispositive motion is neither guaranteed nor statistically likely.  See Boulder Falcon, LLC, 2022 WL 1202698, at *3 (Denying motion to stay on the basis that "Defendants' claim that it is 'likely' that their dispositive motion will be successful is an assumption that is inadequate to justify imposing a stay on discovery"); Hagerman v. Eli Lilly & Co., No. 09-cv-672-REB-BNB, 2009 WL 4268369, at *3 (D. Colo. Nov. 20, 2009) ("[D]ispositive motions are denied more often than they result in the termination

---

[2] Cincinnati Insurance claims that it will need to depose all 132 non-retained medical professionals and facilities and police responders, in addition to the five experts who issued expert reports.  (ECF No. 53 at 3.)  While the court acknowledges that Cincinnati Insurance could conduct further discovery concerning those individuals, Cincinnati Insurance has not shown why deposing each of the non-retained experts is actually necessary or relevant to its defense despite knowing the subject of the experts' possible testimony, as detailed in the Plaintiffs' fact witness disclosures.  (Pls.' Rule 26(a)(1) Disclosures, ECF No. 56-2.)

of a case. Consequently, ... it is more likely than not from a statistical point of view that a delay pending a ruling would prove unnecessary.").

By contrast, the court finds that staying discovery will prejudice the Plaintiffs by significantly delaying the trial and the ultimate resolution of their claim. And this case could very well be further delayed by future dispositive motions if there are additional grounds for summary judgment based on the results of the parties' expert discovery.

For these reasons, the Plaintiffs' interest in a speedy resolution weighs against staying discovery.

## ORDER

For these reasons, the court ORDERS as follows:

1. The Defendant's Motion to Stay (ECF No. 53) is DENIED.

DATED this 23rd day of July, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge